## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

UNITED STATES OF AMERICA      :

     :    **CRIM. NO. 7:20-CR-17 (HL)**

vs.      :

     :

SHAWN CHARLES MERDINGER,      :

     :

     **Defendant**      :

     :

### PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and

SHAWN CHARLES MERDINGER, hereinafter referred to as "Defendant" or "MERDINGER,"

and Defendant's undersigned attorney, as follows:

### (1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment

against Defendant in this matter with Defendant's attorney and Defendant's attorney has

explained to Defendant her understanding of the Government's evidence.

### (2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant

has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands

that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States

would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant

understands that Defendant would be entitled to the services of an attorney at all stages of such a

trial. Defendant understands that Defendant would be entitled to confront and to cross-examine

the United States' proof, and to present witnesses and evidence in Defendant's own behalf.

Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1

but that Defendant could not be compelled to do so.  Defendant has discussed these rights with Defendant's attorney.   Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005).  Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny.  Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay.  Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges Defendant with Interstate Communication of Threats on or about April 18 and 19, 2020, in violation of Title18, United States Code, Section 875(c).

(B)     That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a maximum sentence of five

2



(5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)    The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)    The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)    Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

3



(F)    Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)    **<u>Waiver of Appeal Rights and Right of Collateral Attack</u>:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

4

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)     Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

### (4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Indictment. The United States Attorney further agrees to make a non-binding recommendation to the Court of imprisonment for time-served at the time of sentencing and for expedited sentencing.

5



(B)    If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as

6



written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On Sunday, April 19, 2020, the Federal Bureau of Investigation (FBI) office in Valdosta, Georgia, was contacted by Valdosta State University (VSU) Police Chief Alan Rowe, who had forwarded an email received from MERDINGER at a Gmail email address used by MERDINGER. The email had been sent to numerous email addresses, including email addresses affiliated with the University of California at Santa Barbara, Valdosta State University, University of Texas at Austin, University of Texas, University of Indiana, and the University System of Georgia. The email included series of emails which began on April 19, 2020, and was directed to an individual email address at uscb.edu. In the email, MERDINGER said he would "burn your network down buddy. You fucking bitch . . .Go to any LEO and tell them I said this. They are not going to do dick for you."

In addition, within the email to that broad group there was a connection to another email that was sent to an address for G.S. at police.ucsb.edu and contained a more specific threat to G.S. which stated, "you are going first. And you are never going to fire a weapon again ... TopShot ... pfft." Another email had been sent on April 19, 2020, to C.S. at and email address at hr.ucsb.edu which read, "Oh I have something very special for you mi amore...it's going to be brutal. You might jus want to suicide yourself in the next day or two." The email to the group also contained additional threatening statements reading "And speaking of getting raped by cholos... Sam—they are going to shooting hot loads in your face...I'm going fund their prison commissary accounts so that have lots of energy. Look at this nasty little kike. They gonna love

7



you." The email included a link to a webpage for the University of California IT Blog, which displayed a photograph of University of California Santa Barbara employee S.H.

The University of Texas at Austin, Texas, (UT) Police Department provided Lowndes County Sheriff's Office investigators with additional information on email threats that MERDINGER had made to personnel with UT. Those began late on April 18, 2020 with an email to E.M., L.H. and C.B. all faculty at UT. The first email on April 18 stated, specifically in reference to L.H., "you can thank him for the absolute vicious ass kicking I am bringing down on that university. Yes, this a threat. Yes, I am coming after you, hard. Call any LEO you want and tell them what I said here. They are not going to do dick. I am going to dust you guys." Then on the morning of April 19, 2020, a steady flow of emails began which came in about every 15-20 minutes. Among the emails in the "steady flow" was another where MERDINGER specifically stated, "I am going to roll on faculty and execute you in your homes in alphabetical order." E.M. told the UT Police that he was worried by the emails from MERDINGER, who had resigned from UT years earlier.

MERDINGER admits that the threatening emails were sent by him from Valdosta, Georgia using electronic means and in interstate and foreign commerce. MERDINGER admits that the emails were intended as threats and that he was aware that the email statements would reasonably be perceived as actual threats to injure the recipients of the emails, in violation of 18 U.S.C. §875(c).

8

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this ___9___ day of ___December___, 2021.


PETER D. LEARY
UNITED STATES ATTORNEY


BY: _____
    ROBERT D. MCCULLERS
    ASSISTANT UNITED STATES ATTORNEY

9

I, SHAWN CHARLES MERDINGER, have read this agreement and had this agreement read to me by my attorney, TIMOTHY R. SAVIELLO. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
SHAWN CHARLES MERDINGER
DEFENDANT

I, TIMOTHY R. SAVIELLO, attorney for Defendant SHAWN CHARLES MERDINGER, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
TIMOTHY R. SAVIELLO
ATTORNEY FOR DEFENDANT